UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YVONNE M.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5447 RSM

**ORDER AFFIRMING DEFENDANT'S DENIAL OF BENEFITS**

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting Plaintiff's testimony regarding the severity of her mental health symptoms, and evaluating the medical evidence. Pl. Op. Br. (Dkt. 21), p. 1. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 32 years old, has a GED, and has worked as a dog groomer. Admin. Record ("AR") 32, 88, 98. On September 17, 2017, Plaintiff applied for benefits, alleging disability as of August 1, 2013. AR 88–89, 186–94. Plaintiff's applications were denied initially and on reconsideration. AR 87–115. After the ALJ conducted a hearing on February 5, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 15–34, 55–86. In relevant part, the ALJ

ORDER AFFIRMING DEFENDANT'S
DENIAL OF BENEFITS - 1

1  found Plaintiff's date last insured was June 30, 2018.  AR 17.  The ALJ found Plaintiff had

2  severe impairments of fibromyalgia, obesity, bipolar disorder, schizoaffective disorder, post-

3  traumatic stress disorder ("PTSD"), personality disorder, anxiety disorder, and obsessive-

4  compulsive disorder.  *Id.*  The ALJ found Plaintiff had the residual functional capacity through

5  the date last insured to perform light work with additional exertional, postural, and

6  environmental limitations.  AR 20.  The ALJ found Plaintiff could have no contact with

7  members of the public, and could have frequent contact with familiar coworkers.  *Id.*

8      The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

9  Commissioner's final decision.  AR 1–3.

10                              **DISCUSSION**

11      This Court may set aside the Commissioner's denial of Social Security benefits only if

12  the ALJ's decision is based on legal error or not supported by substantial evidence in the record

13  as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  The ALJ is responsible for

14  evaluating evidence, resolving conflicts in medical testimony, and resolving any other

15  ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Although

16  the Court is required to examine the record as a whole, it may neither reweigh the evidence nor

17  substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

18  2002).  When the evidence is susceptible to more than one interpretation, the ALJ's

19  interpretation must be upheld if rational.  *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir.

20  2005).  This Court "may not reverse an ALJ's decision on account of an error that is harmless."

21  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

22      **1.    Plaintiff's Alleged Mental Health Symptoms**

23      Plaintiff argues the ALJ erred in rejecting Plaintiff's testimony regarding the severity of

her mental health symptoms. Pl. Op. Br., pp. 2–7. Plaintiff testified she has panic attacks a few times a week. *See* AR 61–62, 214, 259. She testified she has PTSD, which can be triggered by loud noises. AR 62. She testified her focus and concentration are limited by pain and mental health issues. *See* AR 70–72, 219, 256, 261. She testified she has difficulty going out alone and problems getting along with others, in part due to agoraphobia. *See* AR 73, 214, 218, 261, 263.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo*, 871 F.3d at 678. The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014–15).

The ALJ found Plaintiff met the first step, but rejected Plaintiff's testimony regarding the severity of her symptoms. *See* AR 21. The ALJ reasoned Plaintiff's "medication regimen effectively improved and stabilized her mental health symptoms." AR 27–28. The ALJ reasoned Plaintiff's mental health symptoms were inconsistent with the medical evidence, and Plaintiff's activities of daily living. *Id.* And the ALJ reasoned Plaintiff inflated the severity of her mental health symptoms. AR 27.

Plaintiff has failed to show the ALJ harmfully erred in rejecting Plaintiff's testimony regarding the severity of her mental health symptoms. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding the

party challenging an administrative decision bears the burden of proving harmful error).  The ALJ reasonably interpreted the medical evidence in finding it was inconsistent with the severity of symptoms Plaintiff alleged.  "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).  Plaintiff told her doctors her mood and anxiety were well-managed, and doctors noted normal mental status findings.  *See, e.g.*, AR 320, 325, 401, 502, 506–07, 510–11, 520–21, 884.  Substantial evidence supports the ALJ's finding, and thus he did not err.  *See Burch*, 400 F.3d at 680–81.

The Court need not decide whether the remainder of the ALJ's reasons for rejecting Plaintiff's testimony withstand scrutiny because any error in that analysis is harmless.  An error is harmless "where it is 'inconsequential to the ultimate disability determination.'"  *Molina*, 674 F.3d at 1115 (quoting *Carmickle*, 533 F.3d at 1162).  The ALJ's finding that Plaintiff's testimony was inconsistent with the medical evidence is valid regardless of whether he erred in finding, for example, Plaintiff's testimony was inconsistent with her daily activities.  The ALJ therefore did not harmfully err in rejecting Plaintiff's mental health symptom testimony.

  **2.**  **Medical Opinions**

Plaintiff argues the ALJ erred by rejecting the opinions of treating doctor Natalie Glover, Ph.D., examining psychologist Morgan McCormick, Psy.D., and treating provider Jordan Gunkel, PA/C, and by accepting the opinions of non-examining doctor Robert Bernardez-Fu, M.D.  Pl. Op. Br., pp. 7–15.  Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining

doctor,[1] and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The opinions of Dr. Glover and Dr. McCormick are contradicted by the opinions of Andrew Forsyth, Ph.D., and the opinions of Ms. Gunkel are contradicted by the opinions of Wayne Hurley, M.D., and Dr. Bernardez-Fu, so the specific and legitimate standard would apply unless the Commissioner's new regulations change this standard. *See* AR 95–97, 109–12.

The Commissioner argues new regulations promulgated in 2017 change the standard by which the ALJ's reasons for rejecting medical providers' opinions are measured. *See* Def. Resp. Br. (Dkt. 23), pp. 8–14. The genesis of the "specific and legitimate" standard for contradicted opinions was the Ninth Circuit's decision in *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983). In *Murray*, the ALJ rejected the opinions of a treating doctor in favor of the opinions of an examining doctor. *See id.* at 501. The Ninth Circuit reviewed precedent from other circuits and determined an ALJ must ordinarily give more weight to the opinions of a treating doctor because that doctor is "'employed to cure'" the claimant and has a "'greater opportunity to observe and know the patient as an individual.'" *Id.* at 502 (quoting *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir. 1983)). Thus, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray*, 799 F.2d at 502. The Ninth Circuit made no reference to regulations promulgated by the Social Security Administration regarding treatment of medical opinions in reaching its conclusion. *See id.*

In 1991, the Commissioner promulgated regulations setting forth standards for reviewing

---

[1] The Commissioner's new regulations reclassify physician assistants as "acceptable medical sources," so the ALJ's analysis of their opinions is subject to the same level of review as the ALJ's analysis of doctors' opinions. *See* 20 C.F.R. § 404.1502(a)(8).

ORDER AFFIRMING DEFENDANT'S
DENIAL OF BENEFITS - 5

medical regulations. *See* Standards for Consultative Examinations and Existing Medical Evidence, 56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991). Those regulations established a hierarchy mirroring the one set out by the Ninth Circuit, in which treating sources are given more weight than non-treating sources, and examining sources are given more weight than non-examining sources. *See id.* at *36935–36; 20 C.F.R. § 404.1527(c). The Ninth Circuit mentioned these regulations in its 1995 opinion in *Lester*, and continued to rely on the "specific and legitimate" standard. *See Lester*, 81 F.3d at 830–31.

In 2017, the Commissioner issued revised regulations eliminating the hierarchy of medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the new regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The Commissioner's new regulations still require the ALJ to explain his or her reasoning, and to specifically address how he or she considered the supportability and consistency of the opinion. *See* 20 C.F.R. § 404.1520c.

The Ninth Circuit has not yet considered whether the 2017 regulations will cause it to reevaluate the standard set forth in *Murray* for review of medical opinions. This Court is bound by precedent of the Ninth Circuit and may not overrule a decision from that court. *See In re Albert-Sheridan*, 960 F.3d 1188, 1192–93 (9th Cir. 2020); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001); *see also Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 455 (2015) ("Overruling precedent is never a small matter.").

The new regulations do not clearly supersede the "specific and legitimate" standard. That standard is not an articulation of how ALJs must weigh or evaluate opinions, but rather a

ORDER AFFIRMING DEFENDANT'S
DENIAL OF BENEFITS - 6

standard by which the Court evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence. Whatever factors the Commissioner considers in evaluating a medical opinion, the ALJ must explain his or her reasoning to allow for meaningful judicial review, and the Ninth Circuit's "specific and legitimate" standard is merely a benchmark against which the Court evaluates that reasoning.

a. Dr. Glover

Dr. Glover was Plaintiff's treating psychologist. *See* AR 754–809. She began treating Plaintiff in March 19, 2018. *See* AR 808–09. Dr. Glover completed a medical source statement, dated November 20, 2018, in which she opined Plaintiff had moderate to marked limitations in nearly all areas of mental functioning, including understanding and memory, sustained concentration and persistence, social interaction, and adaptation. AR 810–13. Dr. Glover opined Plaintiff's impairments existed as of July 12, 2013. AR 813.

Dr. Glover responded to a questionnaire from Plaintiff's counsel the following day, November 21, 2018, agreeing Plaintiff's symptoms "would interfere with her ability to maintain concentration, persistence and pace for up to 2 hours continuously at even a job with simple routine tasks and only occasional, superficial interaction with others." AR 814. Dr. Glover agreed Plaintiff's symptoms "would interfere with her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." AR 815. She opined Plaintiff would be absent from work approximately one to two times per week. *Id.*

The ALJ rejected Dr. Glover's opinions because he found they were too heavily based on Plaintiff's subjective reports, inconsistent with the medical evidence, and inconsistent with Plaintiff's activities of daily living. AR 31.

The ALJ did not harmfully err in rejecting Dr. Glover's opinions as inconsistent with the

medical evidence. An ALJ may reasonably reject a doctor's opinions when they are inconsistent with or contradicted by the medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ here relied on his analysis of the medical evidence with respect to Plaintiff's testimony and, as discussed above, the ALJ did not err in that analysis. Similarly, any error in the remainder of the ALJ's analysis of Dr. Glover's opinions was harmless. *See Molina*, 674 F.3d at 1115.

      b.      <u>Dr. McCormick</u>

Dr. McCormick performed a psychological evaluation of Plaintiff on January 7, 2019. AR 830–35. In her report of that evaluation, Dr. McCormick opined it was "highly likely that [Plaintiff] will struggle significantly with maintaining attention and focus, understanding and executing detailed instructions, and recalling information from her short-term memory; particularly in environments she experiences as threatening or stressful." AR 835. She opined Plaintiff's symptoms would "make it very difficult for her to successfully manage both functional and interpersonal necessities of the workplace such as carrying out tasks, responding and communicating effectively with others, managing interpersonal stressors, and adapting to changes." *Id.*

Dr. McCormick completed a medical source statement on January 24, 2019. AR 836–38. Dr. McCormick opined Plaintiff had moderate and marked limitations in understanding and memory. AR 836–37. She opined Plaintiff had mild to marked limitations in areas of sustained concentration and persistence, social interaction, and adaptation to changes. AR 837–38.

The ALJ rejected Dr. McCormick's opinions for several reasons. *See* AR 32. The ALJ noted Dr. McCormick examined Plaintiff after her date last insured. *Id.* The ALJ also found Dr. McCormick's opinions were inconsistent with the medical evidence, inconsistent with Plaintiff's

1 performance during Dr. McCormick's examination, and inconsistent with Plaintiff's daily
2 activities. *Id.*

3       Plaintiff has again failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing
4 *Shinseki*, 556 U.S. at 407–09). The ALJ reasonably found Dr. McCormick's opinions were less
5 persuasive because she saw Plaintiff after the date last insured. Although "reports containing
6 observations made after the period for disability are relevant to assess the claimant's disability,"
7 *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988), an ALJ may nonetheless give less weight
8 to an opinion based on an examination done after the date last insured. *See Macri v. Chater*, 93
9 F.3d 540, 545 (9th Cir. 1996) (citing *Lombardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir. 1984)).
10 Furthermore, the ALJ reasonably rejected Dr. McCormick's opinions as inconsistent with the
11 medical evidence—just as he did with Dr. Glover's opinions. Any error in the remainder of the
12 ALJ's analysis of Dr. McCormick's opinions was harmless. *See Molina*, 674 F.3d at 1115.

13       c.    <u>Ms. Gunkel</u>

14       Ms. Gunkel was one of Plaintiff's treatment providers. *See* AR 854–57, 882–85. Per the
15 record, she saw Plaintiff on two occasions, August 6, 2018, and December 6, 2018. *See id.* On
16 December 7, 2018, Ms. Gunkel completed a questionnaire from Plaintiff's counsel. AR 823–25.
17 Ms. Gunkel opined Plaintiff has fibromyalgia, which would cause physical limitations, but
18 would cause fluctuating levels of pain and fatigue during a typical day. AR 823. She opined
19 Plaintiff's pain would be severe enough to interfere with her attention, concentration, and
20 persistence for about 30 minutes a day. AR 824. Ms. Gunkel opined Plaintiff could stand/walk
21 for less than two hours in an eight-hour workday, and sit upright for about two hours in an eight-
22 hour workday. *Id.* She opined Plaintiff would need to recline or lay down for four to six hours
23 during an eight-hour workday. *Id.* She opined Plaintiff would be able to reach, hold, handle, and

manipulate with both upper extremities for up to one-third of an eight-hour workday. AR 825.

The ALJ rejected Ms. Gunkel's opinions because she started treating Plaintiff after the date last insured, relied too heavily on Plaintiff's self-reports, and gave opinions inconsistent with the medical evidence and Plaintiff's activities of daily living. *See id.*

Plaintiff has failed to show the ALJ harmfully erred in rejecting Ms. Gunkel's opinions. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09). The ALJ reasonably interpreted the medical evidence in finding it inconsistent with Ms. Gunkel's opinions. Plaintiff reported her pain symptoms were controlled with medication, and she had an improved quality of life. *See, e.g.*, AR 342, 348, 352, 383, 393. Plaintiff's fine and gross manipulation abilities were normal when examined. *See* AR 735–36. Any error in the remainder of the ALJ's analysis of Ms. Gunkel's opinions was harmless. *See Molina*, 674 F.3d at 1115.

d. Dr. Bernardez-Fu

Plaintiff last argues the ALJ erred by accepting the opinions of Dr. Bernardez-Fu. Pl. Op. Br., pp. 13–15. Plaintiff argues, based on alleged evidence from another disability claim, that Dr. Bernardez-Fu's opinions cannot be trusted because he changed his opinion in that claim.

Plaintiff's arguments lack merit. Plaintiff discusses two documents, one she refers to as Exhibit 10A, and the other as Exhibit 11A. *See id.* Plaintiff does not provide pinpoint citations to either document, and the record only contains one document identified as Exhibit B10A, but no Exhibit 11A. *See* AR 39–54. It is not the Court's job to comb the record for evidence to support Plaintiff's claims. *Cf. Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."). Even if a doctor's opinions from another case were relevant to his opinions in the present case—which they are

not—the single document to which Plaintiff cites does not show a changed opinion to support Plaintiff's argument.

Furthermore, Plaintiff's counsel insinuates, with no factual support, that Dr. Bernardez-Fu changed his opinions to deny a deserving claimant disability based on pressure from the state agency contracting with Social Security to handle initial assessments of disability claims.  Just as the Social Security Administration "'may not assume that doctors routinely lie in order to help their patients collect disability benefits,'" the Court will not assume doctors routinely lie to deny claimants disability.  *See Lester*, 81 F.3d at 832 (quoting *Ratto v. Secretary, Dep't of Health & Human Servs.*, 839 F. Supp. 1415, 1426 (D. Or. 1993)).  The Court will not find Dr. Bernardez-Fu's opinions are unreliable as a matter of course based solely on conjecture from Plaintiff's counsel about the interactions between doctors contracted to review disability claims and employees of the Social Security Administration and the state agency with which it contracts.  Plaintiff has thus failed to show the ALJ harmfully erred in accepting Dr. Bernardez-Fu's opinions.  *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 25th day of February, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE